MARTIN A. RYAN *et al. vs.* JOHN MAHAN *et al.*

WASHINGTON—MARCH 11, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A testator made the following provisions in his will: "I give and bequeath unto my wife . . . . all the property . . . . I may be possessed of at my decease for her use and benefit, with authority for her to use so much of it as may become necessary for her support and comfort, even if it takes it all ; but with no power or authority to sell or dispose of it for any other purpose." There was a residuary clause directing a division among testator's children of any residue of his estate remaining at the death of his wife. After the decease of the wife without having used all of the testator's estate, her creditors claimed a lien upon the residue for the payment of their claims, which were for medical attendance, nursing, and care given to her previous to her death:—

*Held,* that the wife's interest in the estate ceased with her life.

*Held,* further, that the power to sell was personal to her, and, as she died without having exercised it, no one.had the power to exercise it in her stead.

BILL IN EQUITY for partition. Heard on respondent's application to have the debts of a deceased life tenant made a charge upon the estate.

PER CURIAM. We know of no principle by which the debts incurred by Mary Mahan, the widow of John Mahan, for her support and comfort, can be collected from or made a charge on her husband's estate. His will gave his estate to her for her use and benefit during her life and conferred on her power to sell or dispose of it for her support and comfort. Her interest in the estate ceased with her life. The power to sell was personal to her. She died without exercising it, and no one has power to execute it in her stead. *Phillips* v. *Wood,* 16 R. I. 274 ; *Brown* v. *Phillips,* 16 R. I. 612 ; *R. I. Hospital Trust Co.* v. *Commercial National Bank,* 14 R. I. 625.

*Charles E. Gorman,* for complainants.
*Albert B. Crafts,* for respondents.